| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| FREDRICK RANSON,<br>TDCJ 705952,<br>　　　　Plaintiff,<br><br>*versus*<br><br>CHRISTINA M. CRAIN, *et al.*,<br><br>　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION H-06-1409 |

# Opinion on Dismissal

Fredrick Ranson sues Christina Melton, Chair of the Texas Board of Criminal Justice; Brad Livingston, Executive Director of the TDCJ; Rissi Owens, Chair of the Board of Pardons and Paroles; William Seigman, Director of Parole Review and Release Processing; Jose Trujillo, Parole Supervisor; and Michael Baker, Parole Officer, for civil rights violations. 42 U.S.C. § 1983. Ranson seeks compensatory and punitive damages.

1. *Claims*

Ranson's claims follow. Texas convicted him of a felony in Harris County, Texas, in 1993 and sentenced him to 25 years in prison. The prison released Ranson to mandatory supervision on October 23, 2003. In Texas, parole and mandatory supervision are identical. Police arrested Ranson on January 7, 2004, on a new criminal charge in Brazoria County and he was released on January 10, 2004. Two days later, Ranson told his parole officer about the new criminal charge. The parole officer allowed Ranson to remain free but report weekly pending resolution of the charge. Later, the Parole Board issued a pre-revocation warrant based on the criminal charge. On March 10, 2004, Houston Police executed the warrant by arresting Ranson. He was taken to the Harris County Jail, where the Defendants held him under the revocation warrant for 155 days without the Board acting on the warrant and without due process until October 15, 2004.

The Defendants did not provide Ranson his procedural rights pending the mandatory supervision administrative hearing. From March 10, 2004, through May 31, 2005, there was no formal notification to Ranson of the alleged mandatory supervision violations or his rights

under the revocation process. From March 10, 2004 to January 27, 2005, there was no written notice and no preliminary hearing. Ranson was not convicted of the new offense until January 27, 2005.

Ranson says the Board started the revocation process by notifying him of the mandatory supervision violations only after he applied for habeas corpus relief in Harris County on May 31, 2005, advising the habeas court about his lack of due process. His parole officer knew that Ranson had an obligation to appear in court on the new charge.

The pending criminal charge was the only ground for revoking Ranson's mandatory supervision release. Brazoria County had earlier allowed Ranson to make a bond on that criminal charge. Ranson has the right to remain on mandatory supervision release absent proof of the commission of a new offense or a mandatory supervision violation. The Board failed to have Ranson transferred from Harris County to Brazoria County, so he could attend hearings and better handle his criminal charge. By failing to transfer Ranson, the Board intentionally deprived Ranson of due process. Ranson has a right to written notice of the revocation rules and of the mandatory supervision conditions he was accused of violating, which Defendants did not timely provide.

The Board deprived him of due process by not acting on the revocation sooner. The Board should have modified Ranson's custody status when it became aware of his possible mandatory supervision violation based on the new offense. The Board harmed Ranson by not acting sooner to issue and execute a revocation warrant when they were notified that Harris County had custody of Ranson. The delay between his January 12, 2004, notification to his parole officer of the new charge and the March 10, 2004, issuance of a mandatory supervision revocation warrant was too long. This delay was detrimental to Ranson's access to court because he was rescheduled to appear for a pre-trial hearing for a date after his bond was forfeited. The Board should have known this kind of delay would prejudice his criminal proceeding and his revocation proceedings.

The Defendants deprived Ranson of equal protection when his co-defendant appeared and his charge was resolved. Ranson suffered prejudice to his defense because Ranson's co-defendant was a key witness to prove that Ranson did not commit a crime.

The Defendants deprived Ranson of the right to appear in court under order from the 239th District Court of Brazoria County, Texas, where the charge was pending for a

scheduled court date of July 22, 2004. They deprived Ranson of legal representation, adequate notice of the alleged violations, and the opportunity for a speedy trial. The only access to court through the Harris County Jail was inadequate. The Defendants caused Ranson to suffer psychological harm, mental anguish, and the loss of contact with family.

2. *Heck v. Humphrey*

Ranson's claims raise possible due process and other constitutional violations in his mandatory supervision revocation and criminal proceedings. His claims challenge the validity of his revocation and return to prison. *Morrissey v. Brewer,* 408 U.S. 471, 489 (1972) (a parole revocation hearing must provide certain procedural safeguards to satisfy due process). His claims also challenge the validity of his Brazoria County conviction. Section 1983 claims for damages which challenge the validity of a conviction or confinement cannot proceed unless the conviction or confinement has been invalidated. *Heck v. Humphrey*, 512 U.S. 477 (1994). The *Heck* holding covers parole revocations. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

There is no showing that Ranson's mandatory supervision revocation, his return to prison, or his conviction have been invalidated. Because Ranson's claims imply the invalidity of his mandatory supervision revocation and conviction, they must be dismissed under *Heck*. Insofar as Ranson's claims do not raise due process or other constitutional problems with his mandatory supervision revocation or conviction, he fails to state a claim on which relief may be granted.

Ranson's claim that the charge against his co-defendant was resolved does not state an equal protection violation. Co-defendants in a criminal prosecution are not similarly situated under the equal protection clause. Ranson's claims concerning adequate representation and related claims in his state court criminal case are barred by *Heck* and belong in a habeas corpus case. His claims concerning inadequate access to the courts in the Harris County Jail do not show constitutional violations by Parole Board personnel.

3. *Deliberate Action*

As a separate matter, Ranson has not shown deliberate indifference. "Historically, [the] guarantee of due process has been applied to deliberate decisions of government officials to deprive a person of life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). "The Due Process Clause ... is not implicated by the lack of due care of an

official causing unintended injury to life, liberty or property." *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Ranson has made no allegations which show that any of the high level officials or his parole officer acted deliberately resulting in his mandatory supervision revocation or conviction.

4.    *Habeas Corpus*

Ranson's attacks on his mandatory supervision revocation and conviction sound in habeas corpus. However, this court will not convert this case to a federal habeas corpus application. That is because Ranson's papers and court records do not show that he has exhausted his remedies in state court. *See* Complaint, p. 2, ¶ I.A, B. In this complaint, Ranson says a prior federal case was dismissed for non-exhaustion of state court remedies, and a motion to alter or amend the judgment is pending. *See Ranson v. Thomas*, H-06-CV-738. In that earlier case, Ranson raised similar claims concerning his mandatory supervision revocation against different defendants. In its order on June 6, 2006, denying Ranson's motion to alter or amend, the court said that Ranson's state habeas corpus application is still pending. Moreover, Ranson has recently applied for habeas corpus relief in this court challenging the same mandatory supervision revocation challenged here. *See Ranson v. Quarterman*, H-06-CV-2751.

5.    *Conclusion*

Ranson fails to state a civil rights claim recognized at law. This case will be dismissed. Ranson's motion for correction of filing fee (10) is denied.

 The clerk will send a copy of this order to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Betty Parker, and to the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793.

Signed September 21, 2006, at Houston, Texas.

_____
Lynn N. Hughes    USDJ
United States District Judge